DOWNEY, Judge.
This appeal was perfected pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), to review a non-final order which determined by summary judgment the issue of liability in favor of the plaintiff below, appellee here.
Appellee, Edward Piasecki, sued appellant, American States Insurance Company, to recover personal injury protection benefits on an insurance policy issued to Piasecki by American States. In support of the motion for summary judgment Piasecki offered proof that about 5:00 p. m. on December 10, 1978, Piasecki was driving his van across the Jensen Beach Causeway in Martin County. Traffic was heavy and moving slowly because of a rock concert in progress on the causeway grounds. In addition, the bridge was raised for boat traffic. While the bridge was up and Piasecki’s van was stopped, he heard a loud noise as a group of people passed to the rear of the van. Thinking someone may have fallen under his van, Piasecki got out of the van and went to the rear to investigate. The following car was so close Piasecki had to go around the van to the passenger’s side and then to the rear where he looked under the van. That is the last thing Piasecki remembers until approximately 7:00 p. m. when he awoke in a police car. He was taken home, but a week later he was admitted to the hospital in convulsions.
However, the record also contains the following evidence. The history given one of his treating physicians was that Piasecki had been involved in an altercation. A physical therapy technician’s affidavit stated Piasecki had told her that he was beaten up by a gang of kids. The treating physician’s affidavit indicated Piasecki had been physically beaten.
In our judgment there are many inferences which can be drawn from the evidence in the record; some of those inferences would not entitle Piasecki to recover Personal Injury Protection benefits. The burden of proof is on the insured to show that his injuries were proximately caused by an accident arising out of the ownership, maintenance, or use of a motor vehicle. The peculiar facts of this case lead us to believe that it does not lend itself to a summary decision.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED, with directions.
MOORE and HERSEY, JJ., concur.